IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROGER LEE MORSE,**

    **Plaintiff,**

v.                                                                               Civil Action No. 3:21cv168

**VIRGINIA DEPARTMENT
OF CORRECTIONS,** *et al.*,

    **Defendants.**

## ORDER

This matter comes before the Court on two motions: (1) Plaintiff's counsel JeRoyd W. Greene, III's Motion to Withdraw as Counsel of Record (the "Motion to Withdraw"), (ECF No. 13), and (2) Plaintiff Roger Lee Morse's Motion for Leave of Court for Extension of Time (the "Motion for Leave"), (ECF No. 14). In his Motion for Leave, Morse states that because his counsel has moved to withdraw, he "needs a reasonable amount of time to engage and retain new counsel to represent his interests and position in this litigation." (Motion for Leave 1.)

On October 29, 2021, this Court entered a Notice directing Morse to obtain substitute counsel by November 8, 2021, and informing him that if he did not do so, he would be transferred to *pro se* status. (ECF No. 15.) On November 8, Morse filed a Motion of Clear Understanding of Conflict Found by Counsel to the Court on Request to Withdraw as Counsel (the "Motion of Clear Understanding"). (ECF No. 16.) In this filing, Morse appears to object to Greene's withdrawal. (*Id.* 1.) He seems to claim that he is entitled to counsel, and that a prior order in another case before this Court mandated that he retain counsel. (*Id.* 2–3.) Morse attaches the prior order to his motion, alongside his Veterans Affairs benefits. (ECF No. 16-1.)

The case Morse references, however, posed a unique factual scenario not present here. In that case, Morse moved to voluntarily dismiss his action without prejudice so that he could refile his suit with another attorney. (*Id.* 2.) The Court granted Morse's motion "with the condition that [he] be represented by counsel if he refiled this action." (*Id.*) Morse then sought to withdraw his motion to voluntarily dismiss his suit because he was concerned that he may not be able to retain counsel. (*Id.* 3.) The Court refused to let him do so, because he had previously represented to the Court that his reason for voluntarily dismissal was to refile the case with new counsel. (*Id.* 2–3.)

This case presents the opposite situation. This Court will allow Morse's counsel to withdraw, permit Morse to proceed *pro se*, and allow Morse to obtain new counsel while this action is pending. More fundamentally however, individuals are not entitled to counsel in civil actions. *Banin v. Byerson*, 620 F. App'x 166, 167 (4th Cir. 2015) (per curiam) ("Litigants in a civil action are not constitutionally entitled to counsel." (citing *Williams v. Ozmint*, 716 F.3d 801, 811 (4th Cir. 2013)).

Therefore, upon due consideration, the Court GRANTS both (1) the Motion to Withdraw as Counsel of Record, (ECF No. 13), and (2) the Motion for Leave of Court for Extension of Time, (ECF No. 14). The Court DIRECTS the Clerk to remove JeRoyd Wiley Greene, III as counsel of record for Morse. Morse will proceed *pro se* until he retains new counsel. Morse SHALL file his Amended Complaint no later than December 15, 2021.

Let the Clerk send a copy of this Order to Mr. JeRoyd W. Greene, III.

It is SO ORDERED.

Date: 11-16-21  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge

3