IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROGER LEE MORSE,**

    **Plaintiff,**

v.                                                   Civil Action No. 3:21cv168

**VIRGINIA DEPARTMENT OF
CORRECTIONS,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Plaintiff Roger Lee Morse's Second Amended Complaint, (ECF No. 65), and Motion to Request Legal Representation from the Virginia Attorney General as Mandated by the Virginia General Assembly Under Virginia Code § 44-93(a)(b) and § 44-93.5 to Enforce USERRA Law Under Federal Statute 38 U.S.C. §§ 4301-4335, (ECF No. 66).

Morse's Second Amended Complaint offends Federal Rule of Civil Procedure 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and a statement of the claims showing that the plaintiff is entitled to relief. It also improperly disregards the Court's May 24, 2023 Order directing how Morse had to file his Second Amended Complaint. (ECF No. 59.)

The Court ordered that Morse file a Second Amended Complaint which "articulate[s] discreet causes of action, by count." (ECF No. 59, at 9.) The Court ordered that the Second Amended Complaint comply with the following directions:

    1.    At the very top of the amended pleading, Morse must place the following caption in all capital letters: "SECOND AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:21cv168."

    2.    The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, Morse must set forth legibly, in separately numbered paragraphs a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Morse must clearly identify each federal or state law allegedly violated. Under each section, Morse must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.

    3.    Morse shall also include the relief he requests – what in the law is called a "prayer for relief."

    4.    The particularized amended complaint must stand or fall on its own accord. Morse may not reference statements in the prior complaint.

    5.    The particularized amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*, No. 3:8cv35, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

(ECF No. 59, at 9-10.) Morse was advised that his failure to strictly comply with these directives and with applicable rules would result in the dismissal of this action with prejudice. (ECF No. 59, at 10.)

The Court finds that Morse's Second Amended Complaint does not comply with the clear instructions set forth in the Court's May 24, 2023 Order. (ECF No. 59.) Specifically, the Second Amended Complaint (i) does not "in separately numbered paragraphs [set forth] a short statement of the facts giving rise to his claims for relief;"[1] (ii) does not "explain why he believes

---

[1] Consistent with Morse's previous Complaints, Morse's Second Amended Complaint is 63 pages long and includes 44 pages of exhibits. This is a far cry from Federal Rule of Civil Procedure 8's requirement for a short and plain statement of the grounds for this Court's jurisdiction and a statement of the claims showing that the plaintiff is entitled to relief.

Further, the first thirteen pages after Morse's list of defendants solely consist of arguments that he is entitled to legal representation, complaints about the undersigned's bias against him, and a recitation of proceedings that occurred in a 2021 case filed by Morse. (ECF No. 65, at 6-13.) As the Court has previously explained numerous times, (ECF Nos. 17, 22, 24), Morse is not entitled to counsel. The Court has also reviewed the Code of Conduct for United

each defendant is liable to him . . . [and] reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion;" and, (iii) does not "omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact." (ECF No. 59, at 10.) Pursuant to Federal Rule 41(b), the Court may dismiss an action when a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)) (explaining that a court may "act on its own initiative" with respect to dismissals under Federal Rule 41(b)). Accordingly, Morse's Second Amended Complaint is DISMISSED WITH PREJUDICE. (ECF No. 65.)

As to Morse's Motion to Request Legal Representation from the Virginia Attorney General as Mandated by the Virginia General Assembly Under Virginia Code § 44-93(a)(b) and § 44-93.5 to Enforce USERRA Law Under Federal Statute 38 U.S.C. §§ 4301-4335, (ECF No. 66), the Court has repeatedly explained to Morse that he is not entitled to counsel in this civil action, (ECF Nos. 17, 22, 24). Further, the Virginia Code sections cited by Morse make no mention of counsel at all. Accordingly, the Motion is DENIED. (ECF No. 66.)

An appropriate Order shall accompany this Memorandum Opinion.

Date: 8/11/2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

States Judges and 28 U.S.C. § 455(a) of the United States Code and concludes that no basis for disqualification or recusal exists.