IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROGER LEE MORSE,**

       **Plaintiff,**

      **v.**                                   **Civil Action No. 3:21-cv-0168**

**VIRGINIA DEPARTMENT OF
CORRECTIONS,** *et al.*,

       **Defendant.**

### <u>MEMORANDUM OPINION</u>

This matter comes before the Court on remand from the United States Court of Appeals

for the Fourth Circuit, with directions to determine whether Plaintiff Roger Lee Morse "can

establish excusable neglect or good cause warranting an extension of the 30-day appeal period."

(ECF No. 76, at 3.)[1]  For the reasons articulated below, the Court finds that Mr. Morse has

established excusable neglect warranting an extension of the 30-day appeal period, rendering his

---

[1] Pursuant to the Fourth Circuit's February 26, 2024 remand, this Court has jurisdiction over the limited question addressed in this opinion—whether Mr. Morse "can establish excusable neglect or good cause warranting an extension of the 30-day appeal period."  (ECF No. 76, at 3.) Because Mr. Morse filed a Notice of Appeal on October 2, 2023, (ECF No. 70), but later filed on January 14, 2024 a Motion for Relief from Dismissal with Prejudice Under FRCP 60(b)(1) and 60(b)(6), (the "Motion to Reopen"), (ECF No. 73), the Court would have lacked jurisdiction to decide the Motion to Reopen. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *see also Brickwood Contractors, Inc. v. Datanet Eng'g Inc.*, 369 F.3d 385, 393 (4th Cir. 2004) (observing that the filing of a notice of appeal is jurisdictional in that it "establishes the point of time at which the subject-matter jurisdiction of the district court ends and that of the court of appeals begins").  Even the Fourth Circuit's February 26, 2024 limited remand would not allow the Court to decide the Motion to Reopen.

Because "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," *Griggs*, 459 U.S. at 58, today's decision renders the Motion to Reopen moot.  To the extent this Court would even have jurisdiction over it, it would be denied.

October 2, 2023 Motion for Notification for Appeal (the "Notice of Appeal"), (ECF No. 70), timely.

## I. Factual and Procedural Background

The Court begins with a summary of the case proceedings to date.

### A.     The Court Deems Mr. Morse's Initial Complaint and Subsequent "Motion for Reconsideration" Insufficient

On March 12, 2021, Mr. Morse, proceeding *pro se*, filed an application to proceed *in forma pauperis* and attached a proposed Complaint. (ECF No. 1.) On March 29, 2021, the Court issued an Order stating that Mr. Morse's "proffered Complaint, which numbers roughly one hundred pages . . . offends Federal Rule of Civil Procedure 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and Mr. Morse's claims for relief." (ECF No. 2, at 2.) The Court ordered Mr. Morse to file, by May 3, 2021, an Amended Complaint "which outlines in simple and straightforward terms why Mr. Morse thinks that he is entitled to relief and why the Court has jurisdiction over his case." (ECF No. 2, at 2 (citing Fed. R. Civ. P. 8(a)(1) and (2).)

On April 30, 2021, Mr. Morse filed a "Motion for Reconsideration", (ECF No. 6), which, in deference to Mr. Morse's *pro se* status, "the Court broadly construe[d] as an Amended Complaint." (ECF No. 7, at 1.) On May 10, 2021, the Court issued an Order explaining that Mr. Morse's "Amended Complaint", *i.e.*, the Motion for Reconsideration, "does not satisfy the requirements of Federal Rule of Civil Procedure 8", explaining that Rule 8 "requires a showing of entitlement to relief, more than just bare allegations." (ECF No. 7, at 1–2 (citing *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)).) The Court then ordered Mr. Morse to file an Amended Complaint by June 15, 2021. (ECF No. 7, at 3.)

2

**B.**   **The Court Deems Mr. Morse's Amended Complaint Insufficient**

On December 15, 2021, after the Court granted Mr. Morse multiple deadline extensions while he attempted to obtain counsel, (ECF Nos. 9–12, 14–17), Mr. Morse filed an Amended Complaint *pro se*.  (ECF No. 21.)  On May 24, 2023, the Court issued an Order concluding that the Amended Complaint violated Federal Rule of Civil Procedure 8, and granted Defendants' respective Motions to Dismiss on that basis.  (ECF No. 59, at 8–9.)  In deference to Mr. Morse's *pro se* status, the Court dismissed his Amended Complaint without prejudice and granted him leave to file a Second Amended Complaint by June 14, 2023.  (ECF No. 59, at 2.)  The Court ordered that the Second Amended Complaint must "articulate [discrete] causes of action, by count."  (ECF No. 59, at 9.)  The Court ordered that the Second Amended Complaint comply with the following directions:

> 1.    At the very top of the amended pleading, Morse must place the following caption in all capital letters: "SECOND AMENDED COMPLAINT FOR CIVIL ACTION NUMBER:  3:21cv168."
>
> 2.    The first paragraph of the particularized amended complaint must contain a list of defendant(s).  Thereafter, in the body of the particularized amended complaint, Morse must set forth legibly, in separately numbered paragraphs a short statement of the facts giving rise to his claims for relief.  Thereafter, in separately captioned sections, Morse must clearly identify each federal or state law allegedly violated.  Under each section, Morse must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him.  Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.
>
> 3.    Morse shall also include the relief he requests – what in the law is called a "prayer for relief."
>
> 4.    The particularized amended complaint must stand or fall on its own accord.  Morse may not reference statements in the prior complaints.

> 5.    The particularized amended complaint must omit any unnecessary
> incorporation of factual allegations for particular claims and any claim against
> any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*,
> No. 3:08cv035, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

(ECF No. 59, at 9–10.)  The Court advised Mr. Morse that his failure to strictly comply with

these directives and with applicable rules would result in the dismissal of this action with

prejudice. (ECF No. 59, at 10.)  At Mr. Morse's request, the Court later extended his deadline to

file a Second Amended Complaint to August 7, 2023.  (ECF No. 62, at 1.)

**C.    The Court finds Mr. Morse' Second Amended Complaint Insufficient, and Dismisses it With Prejudice**

On August 8, 2023, Mr. Morse filed his Second Amended Complaint.  (ECF No. 65.)

Three days later, the Court issued a Memorandum Opinion finding that the Second Amended

Complaint offended Rule 8, and "also improperly disregard[ed] the Court's May 24, 2023 Order

directing how Mr. Morse had to file his Second Amended Complaint." (ECF No. 67, at 1 (citing

ECF No. 59).)  As a result, the Court dismissed Mr. Morse's Second Amended Complaint with

prejudice. (ECF No. 67, at 3.)  In its August 11, 2023 Final Order, the Court advised Mr. Morse

that if he wished to appeal, he must file "a written notice of appeal . . . with the Clerk of the

Court within sixty (60) days of the date of entry hereof." (ECF No. 68, at 1.)  The deadline

announced by the Court in its Final Order was incorrect.  Mr. Morse's Notice of Appeal was due

within 30 days, not 60 days. *See* Fed. R. App. P. 4(a)(1)(A).[2]

On October 2, 2023, fifty-two days after entry of the August 11, 2023 Final Order, Mr. Morse filed a Notice of Appeal. (ECF No. 70, at 1.)

### D.    The Fourth Circuit's February 26, 2024 Remand

On February 26, 2024, the United States Court of Appeals for the Fourth Circuit issued an opinion in response to Mr. Morse's Notice of Appeal. (ECF No. 76.) In the opinion, the Fourth Circuit correctly identified that "[i]n civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal" pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A). (ECF No. 76, at 3.) The Fourth Circuit further explained, however, that the district court can "extend[] the appeal period under Fed. R. App. P. 4(a)(5)[3] or reopen[] the

---

[2] Federal Rule of Appellate Procedure 4(a)(1)(A) provides:

(a) APPEAL IN A CIVIL CASE.

    (1) *Time for Filing a Notice of Appeal.*

        (A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

Fed. R. App. P. 4(a)(1)(A).

[3] Federal Rule of Appellate Procedure 4(a)(5) provides in pertinent part:

    (5) *Motion for Extension of Time.*

        (A) The district court may extend the time to file a notice of appeal if:

            (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

            (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5).

appeal under Fed. R. App. P. 4(a)(6).[4]" (ECF No. 76, at 3.)  Noting that Mr. Morse filed his

Notice of Appeal "within the 30-day excusable neglect period", the Fourth Circuit construed Mr.

Morse's Notice of Appeal "and informal reply brief . . . as a request for an extension of time to

appeal."[5] (ECF No. 76, at 3.)  The Fourth Circuit "remand[ed] the case to [this Court] for a

determination of whether Mr. Morse can establish excusable neglect or good cause warranting an

extension of the 30-day appeal period." (ECF No. 76, at 3.)  The Fourth Circuit explained that

"[t]he record, as supplemented, will then be returned to [the Fourth Circuit] for further

consideration." (ECF No. 76, at 3.)

---

[4] Federal Rule of Appellate Procedure 4(a)(6) provides:

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time
to file an appeal for a period of 14 days after the date when its order to reopen is
entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under
Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or
order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is
entered or within 14 days after the moving party receives notice under
Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier;
and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

[5] In his Notice of Appeal, Mr. Morse wrote: "This is Plaintiff's notification of appeal to
the [Clerk] . . . on Document No. 67 that Plaintiff has 60 days to file an appeal in this case dated
August 11, 2023." (ECF No. 70, at 1.)  As mentioned above, on August 11, 2023, this Court
issued a Memorandum Opinion dismissing Mr. Morse's Second Amended Complaint with
prejudice. (ECF No. 67, at 3.)  In its August 11, 2023 Final Order, the Court incorrectly advised
Mr. Morse that if he wished to appeal, he must file "a written notice of appeal . . . with the Clerk
of the Court within sixty (60) [(not 30)] days of the date of entry hereof." (ECF No. 68, at 1.)

## II. Analysis

For the purposes of the single issue on remand—whether Mr. Morse can establish excusable neglect or good cause warranting an extension of the 30-day appeal period—despite the lengthy procedural history just summarized, only a few dates and federal rules pertain.

Federal Rule of Appellate Procedure 4(a)(5)(A) provides that "[t]he district court may extend the time to file a notice of appeal if:  (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A).

Here, the time prescribed by Rule 4(a) expired on September 10, 2023.  On October 2, 2023, Mr. Morse filed his Notice of Appeal, which contains language that the Fourth Circuit has liberally construed as a request for an extension of time. (*See* ECF No. 76, at 3.)  Under that aegis, October 2, 2023 was not "later than 30 days after [September 10, 2023]". *See* Fed. R. App. 4(a)(5)(i).  Therefore, Mr. Morse's request for an extension of time is timely because he filed the request within the 60-day time period after August 11, 2023.  The question then becomes whether Mr. Morse has satisfied the standard of "excusable neglect or good cause". *See* Fed. R. App. P. 5(A)(ii).

The Fourth Circuit has explained that "[w]hile the language of Rule 4(a)(5) could reasonably be interpreted to allow an extension of time upon a showing of either 'good cause' or 'excusable neglect' throughout the entire sixty-day time period," it is clear from the advisory committee notes "that the 'good cause' standard . . . is only applicable to motions for extension of time filed within the initial thirty-day period following the entry of judgment." *Thompson v.*

*E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 532 (4th Cir. 1996).  As a result, the Court will now turn to the question of whether Mr. Morse can satisfy the "excusable neglect" standard.

As to excusable neglect, in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993),[6] the United States Supreme Court considered the meaning of "excusable neglect," concluding that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395.  Excusable neglect is a "somewhat elastic concept." *Id.* at 392 (internal quotation marks omitted).  Relevant factors include the danger of prejudice to the other party, the length and reason for the delay—including whether it was within the party's control—and whether the party acted in good faith. *Id.* at 395.

Here, applying the factors in *Pioneer*, the Court concludes that Mr. Morse has shown more than "excusable neglect" under these circumstances.

First, nothing suggests that Mr. Morse, who adhered to the Court's inaccurate 60-day appeal deadline, would not have timely filed his appeal by September 10, 2023 had this Court not mistakenly told him that the deadline was October 10, 2023.  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect" on a litigant's part, *Pioneer*, 507 U.S. at 392, "it is not, in this Court's view, *neglect* to rely upon a Court's orders and representations and, if it *is* neglect, it most certainly is *excusable*." *Hobbs v. Cnty. of Summit*, No. 5:10CV2069, 2014 WL 3735149, at *4 (N.D. Ohio July 28, 2014) (finding excusable neglect where plaintiff missed deadline to appeal by one day after district

---

[6] Although *Pioneer* examined the meaning of "excusable neglect" when analyzing bankruptcy rules, the Fourth Circuit has joined other circuits in holding that this analysis also applies to civil appeals under Fed. R. App. P. 4(a). *See Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996) (observing that "it is evident that the [Supreme] Court intended its definition of "excusable neglect" [in *Pioneer*] to be equally applicable to Federal Rule of Appellate Procedure 4(a)(5), as every appellate court to consider the applicability of *Pioneer* to Rule 4(a)(5) and Rule 4(b) (criminal appeals) has concluded") (collecting cases).

court mistakenly informed plaintiff that the deadline to appeal was October 26, 2012, when in fact it was October 25, 2012).

Second, the Court believes minimal, if any, prejudice would inure to either party if an extension is granted even at this date. Nor would there be any significant impact on the judicial proceedings in general, other than rendering an already long-pending case even longer. Because this Court has never found that any of Mr. Morse's Complaints satisfied Federal Rule of Civil Procedure 8, his claims have never proceeded to the merits. Mr. Morse's appeal relates to whether this Court properly concluded that the Second Amended Complaint failed to satisfy Rule 8, and whether this Court properly dismissed the Second Amended Complaint with prejudice. Mr. Morse should be permitted to test the propriety of this ruling and, of course, should not be barred from doing so due to an inaccurate deadline provided, unintentionally, by this Court. To rule otherwise would improperly value form over substance and would ignore this Court's discretion, permitted by the federal rules, to extend deadlines in extenuating circumstances such as this one. Such a ruling has the benefit of being fundamentally fair in addition to following legal precedent.

### III.  Conclusion

For the foregoing reasons, the Court concludes that Mr. Morse has established excusable neglect warranting an extension of the 30-day appeal period, rendering his October 2, 2023 Notice of Appeal, (ECF No. 70), timely.

An appropriate Order shall issue.

Date: **4/30/24**
Richmond, Virginia

/s/

M. Hannah Lauck
United States District Judge